■ CITY OF ROCHESTER, Respondent, v CHARLES T. DRISCOLL MASONRY RESTORATION COMPANY, INC., Defendant, and MONSANTO ENVIRO-CHEM SYSTEMS, INC., Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Appellant is the general contractor on a public improvement contract let by plaintiff City of Rochester. Defendant Charles T. Driscoll Masonry Restoration Company, Inc., is a subcontractor of appellant. During the course of the construction, several disputes arose over extras and other damages to appellant allegedly caused by plaintiff's conduct in interfering with the performance of the contract. In September, 1976 appellant commenced an action in United States District Court seeking to recover $4,600,000 which it claims is due pursuant to the contract and an additional sum of $25,900,000 damages for extra and additional work and costs for which it claims plaintiff is liable. The present action concerns a dispute over part of the sum in dispute, $18,715.48 which plaintiff mistakenly paid defendant. In 1975 defendant Driscoll filed a notice of lien with plaintiff alleging claims totaling $18,715.48. When appellant thereafter submitted vouchers for $440,770.63 due on account, plaintiff subtracted the $18,715.48 and an employee inadvertently forwarded a check in that sum to defendant. When the error was discovered, plaintiff demanded return of the check but the money has not been repaid. The $18,715.48 paid is part of appellant's claim in Federal court. Plaintiff thereafter instituted an action against defendant alleging unjust enrichment and seeking to recover the erroneous payment. In December, 1976 it amended the complaint and served a summons on appellant in this action. In the amended complaint plaintiff seeks a judgment against defendant and appellant declaring what rights, if any, the parties have to the $18,715.48 and further, if defendant should prevail in this action, it seeks a declaration that appellant is estopped from claiming said sum in the Federal action. Appellant moved to dismiss the complaint as to it, alleging that the complaint does not state a cause of action (CPLR 3211, subd [a], par 7) and that there is a prior action pending between the parties (CPLR 3211, subd [a], par 4). Special Term denied the motion and we reverse on both grounds. Plaintiff does not have a genuine dispute against appellant. Indeed, it does not seek to litigate any issue with appellant in this action. Conversely, appellant does not choose to determine its claim for extras piecemeal by contesting plaintiff's action against defendant when appellant's entire claim is pending in Federal court. Nor has appellant chosen to litigate its relations with defendant by cross claims. The only present dispute between plaintiff and appellant is in Federal court and plaintiff may not seek to determine a part of that dispute in a subsequent State action under the guise of a declaratory judgment action (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.09d.) If defendant should prevail in this action for unjust enrichment, plaintiff may allege that payment in Federal court by way of affirmative defense, but it may not foreclose appellant in a prior pending action in which the same claim is involved by joining it as a defendant here. (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present —Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.